UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENE POTTER,

    Plaintiff,

v.                                             Case No.: 2:25-cv-357-SPC-KCD

HOME DEPOT U.S.A, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Home Depot U.S.A., Inc.'s Notice of Removal (Doc. 1). For the reasons outlined below, Home Depot must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant removed this premises-liability action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C.

§ 1332(a).  The parties here are diverse.  But the Court is not so sure about the amount in controversy.

To establish the amount in controversy, Home Depot relies on a pre-suit demand letter sent by Plaintiff and a post-suit demand in an email.  The letter does not make a specific monetary demand, but it outlines Plaintiff's accrued medical bills totaling $15,027.44.  It also indicates Plaintiff fractured his left foot.  (Doc. 1-6).  The email includes an $85,000 settlement demand.  (Doc. 1-7).  The Court is not convinced these correspondences satisfy the amount in controversy.

The two-sentence demand email "does not provide any specific information as to how [Plaintiff] reached the [$85,000] figure," which is suggestive of puffery.  *Dennis v. Geovera Specialty Ins. Co.*, No. 6:21-CV-335-JA-EJK, 2021 WL 1345996, at *2 (M.D. Fla. Apr. 12, 2021) (finding a seven-sentence email demanding $78,000 did not establish the amount in controversy).  And even looking to Plaintiff's demand letter, it outlines only $15,027.44 in accrued medical bills, which is far below the jurisdictional threshold.  Without more, the Court is not satisfied that Home Depot has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now

**ORDERED:**

On or before **May 19, 2025**, Home Depot must **SUPPLEMENT** its Notice of Removal consistent with this Order.  **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 5, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3